IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION

| | |
|---|---|
| **MULTIPLAYER NETWORK INNOVATIONS, LLC,** *Plaintiff,* v. **CANTOR FITZGERALD, L.P. and CANTOR G&W (NEVADA), L.P.,** *Defendants*. | Civil Action No. _____ JURY TRIAL DEMANDED |

## ORIGINAL COMPLAINT FOR PATENT INFRINGEMENT

Plaintiff Multiplayer Network Innovations, LLC ("MNI" or "Plaintiff"), by and through its counsel, for its complaint against Defendants Cantor Fitzgerald, L.P. and Cantor G&W (Nevada), L.P. (collectively, "Defendants" or "Cantor"), alleges as follows:

## BACKGROUND

1. MNI holds U.S. Patent No. 5,618,045 (the, "MNI patent" or the, "'045 patent"), a patent invented by Dr. Michael Kagan and Ian Solomon.

2. Dr. Kagan is a noted scholar and inventor. He holds a PhD in chemistry from Hebrew University in Jerusalem and is the author of numerous books and journal articles relating to technology, chemistry, and religion. Dr. Kagan's articles have been published in the journals including Nature and the Journal of Medicinal Chemistry.

3. Dr. Kagan is the inventor of ten United States patents.

4. Ian Solomon is an inventor and entrepreneur who is the co-founder of medical device makers SteadyMed Therapeutics, Inc. and Aespira Ltd.

5. During the mid-1990's, Dr. Kagan and Mr. Solomon conceived of a way for electronic devices to communicate with one another for the playing of computer games.

6. Dr. Kagan and Mr. Solomon's idea was conceived in part against the backdrop of the conflict in the Middle East. The idea was to use wirelessly connected gaming devices to open up channels of communication between people with divergent views.

7. Among Dr. Kagan and Mr. Solomon's inventions are inventions relating to the use of a device to enable two or more people to play a game over a wireless network.

8. Dr. Kagan and Mr. Solomon's inventions have useful applications to fields such as video gaming hardware and software, smartphone hardware and software, and casino gaming hardware and software, among others.

9. Leading technology companies including Microsoft Corporation, Apple, Inc., Intel Corporation, Google Corporation, and Samsung Electronics Co. Ltd. have cited the MNI patent numerous times.

10. Over 325 issued United States patents cite the MNI patent.

11. Plaintiff is the owner by assignment of the MNI patent. The MNI patent is entitled "Interactive Multiple Player Game System and Method of Playing A Game Between at Least Two Players." The MNI patent issued on April 8, 1997, based on a patent application filed on February 8, 1995. A true and correct copy of the MNI patent is attached hereto as Exhibit A.

## PARTIES

12. Plaintiff is a Texas limited liability company.

13. On information and belief, Cantor Fitzgerald, L.P. is a Delaware corporation with a principal place of business at 499 Park Avenue, New York, New York 10022. Cantor Fitzgerald, L.P. may be served with process via its registered agent, The Corporation Trust Company, Corporation Trust Center, 1209 Orange Street, Wilmington, Delaware 19801.

14. On information and belief, Cantor G&W (Nevada), L.P. is a Delaware corporation with a principal place of business at 2575 Highland Drive, Las Vegas, Nevada 89109.

## JURISDICTION AND VENUE

15. This action arises under the patent laws of the United States, Title 35 of the United States Code. Accordingly, this Court has subject matter jurisdiction under 28 U.S.C. §§ 1331 and 1338(a).

16. This Court has personal jurisdiction over Defendants because, among other reasons, Defendants have established minimum contacts with the forum state of Texas. Defendants, directly and/or through third-party intermediaries, make, use, import, offer for sale, and/or sell products within the state of Texas, and particularly within the Eastern District of Texas. Thus, Defendants have purposefully availed themselves of the benefits of doing business in the State of Texas and the exercise of jurisdiction over Defendants would not offend traditional notions of fair play and substantial justice.

17. On information and belief, Cantor has established offices in Texas located at 1330 Post Oak Blvd, Floor 14, Houston, Texas 770056 and 14185 Dallas Parkway, Suite 870 & 880, Dallas, Texas 75254.

18. On information and belief, Cantor offers its mobile casino game products to residents of Texas. If users want to withdraw monies from their account wages while located in Texas they can email mailpays@cantorgaming.com or call 702-677-3800 and Cantor will send a check to the user. These checks will be sent to addresses located in the state of Texas. "Yes, contact us at mailpays@Cantorgaming.com or call us at 702-677-3800 and we will tell you the information that we need to allow us to send you a check." *Source*: http://www.cgtglobal.com/faq/ (last visited August 5, 2014).

19. On information and belief, Cantor advertises and markets its mobile casino game products to residents of Texas through its website, "CG Technology" located at http://www.cgtglobal.com/ which is accessible to residents of Texas. Further,

Cantor targets Texas residents through posting sports book point spreads for Texas Professional Sports teams including the Dallas Cowboys and Houston Texans.

20. On information and belief, Cantor has marketed its mobile casino game products to residents of Texas through tutorials posted on the Cantor website (e.g., http://www.cgtglobal.com/about/) and Video Tutorials promoting its mobile casino game products (e.g., https://www.youtube.com/watch?v=UyCTvBGix2U).

21. Venue is proper in this District under 28 U.S.C. §§ 1391 (b)-(c) and 1400(b) because Defendants are subject to personal jurisdiction in this District, have transacted business in this district and have committed acts of patent infringement in this district.

## COUNT I
### (Infringement of U.S. Patent No. 5,618,045)

22. Plaintiff MNI realleges and incorporates by reference paragraphs 1-21 above, as if fully set forth herein.

23. Defendants make, use, sell, and offer for sale in the United States products and/or services for multiplayer gaming.

24. Cantor has infringed indirectly and continues to infringe indirectly the '045 patent by active inducement under 35 U.S.C. § 271(b).

25. Upon information and belief, Cantor had knowledge of the '045 patent since at least as early as August 2008, or alternatively since being served with this complaint. On August 29, 2008 Cantor was assigned U.S. Patent Nos. 6,342,010 and RE039818. Both of these patents cited the '045 patent.

26. On information and belief, Cantor has intended and continues to intend to induce patent infringement by third-party users of its mobile games and has had knowledge that the inducing acts would cause infringement or has been willfully blind to the possibility that its inducing acts would cause infringement. For example, Cantor provides access to multiple mobile games, including but not limited to Cantor Mobile

Sports Wagering App., In-Running, Bettor ODDS Parlays, and Cantor Mobile Casino, as well as instructions on how to download and play the games in a manner that infringes the '045 patent to end users. By downloading and/or playing these games in the manner taught by Cantor, end users directly infringe at least Claims 5 and 8 of the '045 patent. By continuing to provide these games as well as instructions on how to download and play the games in a manner described in Claims 5 and 8 of the '045 patent, Cantor has and continues to specifically intend to induce infringement of the '045 patent.

27. Since at least 2008, Cantor has been and still is willfully infringing the '045 patent. At least as early as 2008, Cantor had actual knowledge of the '045 patent. Despite having actual knowledge of the '045 patent, Cantor has continued to willfully, wantonly, and deliberately infringe the '045 patent. Accordingly, MNI seeks enhanced damages pursuant to 35 U.S.C. § 284 and a finding that this is an exceptional case within the meaning of 35 U.S.C. § 285, entitling MNI to its attorneys' fees and expenses.

28. To the extent applicable, the requirements of 35 U.S.C. § 287(a) have been met with respect to the '045 patent.

29. As a result of Defendants' infringement of the '045 patent, MNI has suffered monetary damages. MNI seeks an award of damages in an amount adequate to compensate for Defendants' infringement, but in no event less than a reasonable royalty for the use made of the invention by Defendants, together with interest and costs as fixed by the Court.

## **PRAYER FOR RELIEF**

Plaintiff respectfully requests the following relief from this Court:

A. A judgment that Defendants have infringed one or more claims of the '045 patent;

B. An award of damages resulting from Defendants' acts of infringement in accordance with 35 U.S.C. § 284;

  C. A judgment and order finding that this is an exceptional case within the meaning of 35 U.S.C. § 285 and awarding to MNI its reasonable attorneys' fees against Defendants;

  D. A judgment and order requiring Defendants to provide accountings and to pay supplemental damages to MNI, including, without limitation, prejudgment and post-judgment interest; and

  E. Any and all other relief to which MNI may show itself to be entitled.

## JURY TRIAL DEMANDED

Pursuant to Rule 38 of the Federal Rules of Civil Procedure, Plaintiff requests a trial by jury of any issues so triable by right.

Dated:  August 6, 2014 Respectfully submitted,

/s/ Elizabeth L. DeRieux
S. Calvin Capshaw
TX Bar No. 03783900
Elizabeth L. DeRieux
TX Bar No. 05770585
D. Jeffrey Rambin
TX Bar No. 00791478
CAPSHAW DERIEUX, LLP
114 E. Commerce Ave.
Gladewater, Texas 75647
Telephone: 903-236-9800
Facsimile: 903-236-8787
E-mail: ccapshaw@capshawlaw.com
E-mail: ederieux@capshawlaw.com
E-mail: jrambin@capshawlaw.com

Of Counsel:
Marc A. Fenster,
CA SB No. 181067
Dorian S. Berger
CA SB No. 264424
Daniel P. Hipskind
CA SB No. 266763
RUSS AUGUST & KABAT
12424 Wilshire Boulevard 12th Floor
Los Angeles, California 90025
Telephone: 310-826-7474
Facsimile: 310-826-6991
E-mail: mfenster@rawklaw.com
E-mail: dberger@raklaw.com
E-mail: dhipskind@raklaw.com

*Attorneys for Plaintiff,*
*Multiplayer Network Innovations, LLC*